OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Jos. B. Dart
County Attorney
Kendall County
Boerne, Texas

Dear Sir:

Opinion No. O-3875
Re: Does "witnesses" as used in
Section 2, Article 968, Code
of Criminal Procedure, mean
witnesses to the cause of
death or witnesses to the
fact that death has occurred?

This is to acknowledge receipt of your opinion request of recent date, from which we quote the following:

"In the matter of the necessity or authorization for the holding of an inquest on a dead body we had this situation before us last week;

"Two men and a woman were riding in a car from San Antonio north on the road which enters Kendall County. The car was wrecked a few miles south of the county line in Bexar County. The two men, badly injured, were picked up and taken to the Hospital at Fort Sam Houston; the woman was brought to Boerne in Kendall County, where she died a few minutes after arrival. The Justice of the Peace held an inquest on the body of the dead woman in Kendall County. He presented his bill to the Commissioners' Court of Kendall County, who turned it down for the reason that at the time of death a nurse and a doctor were present. They based their decision on that portion of Art. 968 of the Code of Criminal Procedure which reads as follows: 'Sec. 2; When any person is killed, or from any cause

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

dies an unnatural death, except under sentence
of the law, or in the absence of one or more
good witnesses.'

"As the purpose of an inquest is to deter-
mine the cause of death, not to prove whether
a person is dead or not, the justice of the
peace is of the opinion that the mention of
witnesses in this article means witnesses to
the cause of death and not necessarily wit-
nesses to the fact that death has occurred.

"Of course in those cases where the wit-
nesses to an unnatural death see both the
cause and the death itself there would be no
necessity for an inquest.  But where the cause
of death occurs in one place and the death
in another it would seem that an inquest
should be held to ascertain the cause of
death."

Your question, as we understand it, is as stated
by us in the heading of this letter.

Article 968, Code of Criminal Procedure, gives the
circumstances under which a justice of the peace is author-
ized to hold an inquest.  Such article reads as follows:

"Any justice of the peace shall be au-
thorized, and it shall be his duty, to hold
inquests without a jury within his county, in
the following cases:

"1.  When a person dies in prison.

"2.  When any person is killed, or from
any cause dies an unnatural death, except under
sentence of the law, or in the absence of one
or more good witnesses.

"3.  When the body of a human being is
found, and the circumstances of his death are
unknown.

"4.  When the circumstances of the death
of any person are such as to lead to suspicion

that he came to his death by unlawful means."
(Emphasis ours.)

Subsection 4 of Article 968, supra, may possibly be invoked in your factual case, but this does not appear probable from the entire context of your letter. If the justice of the peace had reasonable grounds to suspect the woman came to her death by unlawful means there would be ample justification for an inquest because of the provisions of Article 195, Code of Criminal Procedure, as amended, reading as follows:

"If a person receive an injury in one county and dies in another by reason of such injury, the offender may be prosecuted in the county where the injury was received or where the death occurred, or in the county where the dead body is found."

Because of the above statute, the courts of either Bexar or Kendall County would have jurisdiction to try the case. The inquest under Subdivision 4 of Article 968, supra, would not depend upon the presence or absence of witnesses either at the scene of the injury or death.

We next advert to the construction to be placed upon Subsection 2 of said Article 968.

It has been repeatedly asserted that the purpose of an inquest is to obtain information as to whether a death was caused by some criminal act and to obtain evidence to prevent escape of the guilty, as well as to furnish a foundation for a criminal prosecution in case death is shown to be felonious or otherwise unlawful. See Pierson v. Galveston County, (Tex. Civ. App.) 131 S. W. (2d) 27; Aetna Casualty & Surety Co. v. Love, (Comm. App.) 132 Tex. 280, 121 S. W. (2d) 986, affirming Tex. Civ. App. 99 S. W. (2d) 646; Polk County v. Phillips, (Sup. Ct.) 92 Tex. 330, 51 S. W. 328.

In the instant case, we are of the opinion that it would be as essential to know the cause of the death as the fact of death itself, to fulfill the purposes of the statute as discussed in the cited cases. From the Supreme Court case of Polk County v. Phillips, supra, we take the following pertinent language:

". . . The fact that death had resulted from violence, and the further fact, for example, that the violence consisted of a blow upon the head, are but steps in ascertaining whether or not a crime has been committed. The blow may have characteristics other than those of a physical nature. It may have been accidental or it may have been intentional. It may have been willful, and without justification, or it may have been justifiable. In accomplishing the purpose of the inquest, it is as important to determine these latter characteristics of an act of violence which has led to a death as it is to determine the fact that there was violence, and that death was its result. . . ."

We direct your especial attention to the discussion of the requirements of a valid inquest before collection of a fee therefor in the case of Pierson v. Galveston County, (Civ. App.) cited above, specifically to page 30 of 131 S. W. (2d).

It is our opinion that your question should be answered that "good witnesses" to the cause of death would be as essential as "good witnesses" to the death itself; and if all of the other essential requirements of a valid inquest have been met, the justice of the peace is entitled to his fee.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_
Benjamin Woodall
Assistant

APPROVED SEP 8, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BW:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN